UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROGER E. BROADWAY, | ) | |
| | ) | Case No. 3:19-cv-353 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| KEVIN GENOVESE, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondent has answered that the petition is time-barred and fails to state a cognizable claim for habeas corpus relief (Doc. 7), and has submitted the state-court record for Petitioner's 2018 motion to amend or correct his sentence (Doc. 6). Petitioner filed a reply in which he asserts that his petition is timely because the statute of limitations did not begin to run until May 20, 2019, when he exhausted his state-court remedies for his 2018 motion, and that his claim is cognizable under § 2254 (Doc. 8). For the reasons set forth below, this action will be **DISMISSED** as time-barred.

### I. APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The statute specifically provides, in relevant part, that the one-year statute of limitation runs from "the date on which the judgment became final by the conclusion of direct review . . . ." *Id.* However, the time "during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." *Id.* § 2244(d)(2).

## II. ANALYSIS

On April 22, 2003, Petitioner pled guilty to first-degree felony murder, especially aggravated robbery, and aggravated rape. (Doc. 6-1, at 28–30.) These convictions became final on May 23, 2003, the day on which Petitioner's time to file an appeal expired. *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that because the Tennessee habeas petitioner did not pursue a direct appeal, his state-court conviction was deemed "final" when the thirty-day time-period in which he could have done so expired).

The AEDPA limitations period therefore began to run the next day, on May 24, 2003, and expired a year and a day later on Monday, May 25, 2004, as Petitioner did not file any collateral state-court actions to toll the AEDPA period or a federal petition for habeas corpus during that time. Moreover, contrary to Petitioner's assertions, the motion to correct illegal sentences that he filed on May 7, 2018 (Doc. 6-1, at 15–26) did not pause or restart the AEDPA limitations period, which had run long before he filed it. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t]he tolling provision does not . . . 'revive' the [AEDPA statute of] limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run"). Accordingly, Petitioner's § 2254 petition, which he filed on September 23, 2019 (Doc. 2, at 8), is untimely.

The AEDPA statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted if a petitioner shows that he has diligently pursued his rights but that an extraordinary circumstance prevented him from timely filing the petition. *Holland*, 560 U.S. at 649. A petitioner bears the

burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

While Petitioner does not specifically argue that he is entitled to equitable tolling of the AEDPA statute of limitations in § 2254 petition, he does assert in his reply that his petition is timely because he could not file it until he fully exhausted his state-court remedies for his 2018 motion to correct illegal sentences, which he asserts tolled an AEDPA limitations period that had not fully run. (Doc. 8, at 3.) However, for the reasons set forth above, this argument is without merit, as the AEDPA limitations period had expired long before Petitioner filed that motion, and the tolling provision that allows § 2254 petitioners to pause the AEDPA limitations period by properly filing a petition for state court post-conviction or collateral relief cannot restart the AEDPA limitations period, but rather can only toll one that has not expired. *Vroman*, 346 F.3d at 602. Moreover, to the extent that this assertion can be construed as an argument that Petitioner is entitled to equitable tolling due his lack of knowledge of the relevant law regarding the AEDPA statute of limitations, it is without merit. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (holding that "ignorance of the law alone is not sufficient to warrant equitable tolling"). Accordingly, Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations, his § 2254 petition is time-barred, and this action will be **DISMISSED**.

### III. CERTIFICATE OF APPEALABILITY

The Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if

3

he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred and Petitioner is not entitled to equitable tolling, a COA will not issue.

### IV. CONCLUSION

For the reasons set forth above, this action will be **DISMISSED** and a COA will not issue. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

4